UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LARRY S. FOX,
CYNTHIA ALFORD,
CARL EDWARDS,

                      Plaintiffs,

                                                                  DECISION AND ORDER

                                                                    10-CV-6240L

            v.

DAVID A. PATERSON,
Governor of New York,

                      Defendant.
_____

       This action was commenced in May 2010 by three residents of the Twenty-Ninth New York Congressional District ("29th District"), pursuant to 42 U.S.C. § 1983, seeking a mandatory injunction from this Court directing the Governor of the State of New York ("Governor") to call a special election to fill a vacancy that then existed in the 29th District. On June 4, 2010, this Court issued a Decision and Order, 715 F.Supp.2d 431, granting in part and denying in part plaintiffs' motion for injunctive and declaratory relief.

       The Court declared that then-Governor David A. Paterson had a mandatory duty under Article I, § 2, clause 4 of the United States Constitution to proclaim a special election to fill the vacancy in the 29th District, and that the proclamation had to be made on a date which would allow the special election to be held no later than the date of the general election on November 2, 2010. The Court denied the plaintiffs' request to order the Governor–who had indicated his intent to issue a special election proclamation in October 2010, for a special election to be held on November 2–to

proclaim a special election sooner than that, so that the special election could be held before November 2.[1]

Plaintiffs have now moved for an award of attorney's fees, costs and disbursements, pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure and 42 U.S.C. § 1988(b), in the amount of $32,135.59. For the reasons that follow, plaintiffs' motion is denied.

**DISCUSSION**

**I. Applicable Standards**

Section 1988 of Title 42 provides that "[i]n any action or proceeding to enforce a provision of section[] 1983 ... of this title, ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs ... ." Under Rule 54(d)(2)(B)(i), a motion for attorney's fees and related nontaxable expenses must generally be made by motion "no later than 14 days after the entry of judgment ... ."

"The Supreme Court has held that a 'prevailing party' is one who has favorably effected a 'material alteration of the legal relationship of the parties' by court order." *Garcia v. Yonkers School Dist.*, 561 F.3d 97, 102 (2d Cir. 2009) (quoting *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources*, 532 U.S. 598, 604 (2001)).). "Thus, for example, the entry of an enforceable judgment, such as a stay or preliminary injunction, may permit the district court to confer prevailing-party status on the plaintiff notwithstanding the absence of a final judgment on the underlying claim." *Id. See also Vacchio v. Ashcroft*, 404 F.3d 663, 674 (2d Cir. 2005) ("[S]tatus as a prevailing party is conferred whenever there is a court ordered change in the legal relationship between the plaintiff and the defendant or a material alteration of the legal relationship of the

---

[1]The special election, which was in fact held on November 2, 2010, allowed the vacancy to be filled for the remainder of the then-current congressional term.

parties"); *Haley v. Pataki*, 106 F.3d 478, 483-84 (2d Cir. 1997) (awarding attorney's fees pursuant to § 1988(b) to party prevailing on preliminary injunction).

"[I]n order to be considered a 'prevailing party' ..., a plaintiff must not only achieve some material alteration of the legal relationship of the parties, but that change must also be judicially sanctioned." *Roberson v. Giuliani*, 346 F.3d 75, 79 (2d Cir. 2003) (internal quotation marks omitted). "That is, plaintiffs are only eligible for attorneys' fees if they 'achieve some material alteration of the legal relationship' between them and their adversaries, and that change bears a 'judicial imprimatur.'" *Perez v. Westchester County Dep't of Corrections*, 587 F.3d 143, 149 (2d Cir. 2009) (quoting *Roberson v. Giuliani*, 346 F.3d 75, 79-80 (2d Cir. 2003)).

The Court of Appeals for the Second Circuit has further stated that

> [a]lthough "prevailing party" is thus construed broadly, a plaintiff is not a "prevailing party" if he or she "achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." The Supreme Court has explained that such a voluntary change in defendant's conduct "lacks the necessary judicial imprimatur on the change" to accord prevailing-party status to the plaintiff.

*Garcia v. Yonkers School Dist.*, 561 F.3d 97, 102-03 (2d Cir. 2009) (quoting *Buckhannon*, 532 U.S. at 601, 605). In addition, "'[w]here the plaintiff's success on a legal claim can be characterized as purely technical or *de minimis*,' he is not a prevailing party." *Jenevein v. Willing*, 605 F.3d 268, 271 (5th Cir. 2010) (quoting *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989)). *See also Farrar v. Hobby*, 506 U.S. 103, 119 (1992) ("the practice of denying fees to Pyrrhic victors is one [that Congress, in enacting § 1988] clearly intended to preserve") (O'Connor, J., concurring).

**II. Timeliness**

Defendant contends that the motion for attorney's fees should be denied as untimely. According to defendant, the fourteen-day period within which to file a motion for attorney's fees under Rule 54(d)(2)(B)(I) began to run here on June 4, 2010, when the Court issued its Decision and

Order granting in part and denying in part plaintiffs' motion for injunctive and declaratory relief. Plaintiffs did not file their motion for fees until October 6, 2010, over four months after that date.

Plaintiffs assert that their motion is timely, on the ground the Court's June 4 Decision and Order did not constitute a "judgment" within the meaning of Rule 54. Rule 54(a) defines a "judgment" as "a decree and any order from which an appeal lies."

According to plaintiffs, "[a]t the time that this Order was issued, on June 4, 2010, it was not appealable because the uncertainty as to whether plaintiffs would in fact receive the relief that they were entitled to, created an uncertainty that would make any appellate review fruitless." Plaintiffs' Mem. of Law (Dkt. #22) at 2. Plaintiffs state that "[t]he June 4, 2010 Order only became appealable after the condition subsequent was met and the governor issued, on September 23, 2010, a proclamation calling for a special election to be held on November 2, 2010." *Id.* at 2-3. Since their fee motion was filed thirteen days after that proclamation was issued, plaintiffs contend that the motion is timely.

Plaintiffs cite no authority for that proposition, and I find its logic puzzling at best. Section 1292(a)(1) of Title 28 provides that "[i]nterlocutory orders of the district courts of the United States ... granting, continuing, modifying, refusing or dissolving injunctions" are appealable, and I see no reason why plaintiffs had to wait and see whether the Governor was going to comply with this Court's Order, or to follow through on his stated intentions, before the Order became an appealable judgment under Rule 54.

Rule 54(d)(2)(B) also states that a fee motion should be filed within fourteen days of the judgment "[u]nless a statute or a court order provides otherwise." In general, however, courts have construed that provision as allowing for a fee motion to be filed more than fourteen days after the judgment is entered where a local rule or standing order automatically extended the filing period, where the court extended the period simultaneously with the issuance of the judgment, or where the movant sought an extension within the fourteen-day period. *See, e.g., Retained Realty, Inc. v. Estate of Jack J. Spitzer*, No. 3:06-CV-0493, 2010 WL 4683861, at *2 (D.Conn. Nov. 10, 2010) (noting

that "[i]n the District of Connecticut, the Local Rules extend this deadline to 30 days after the 'entry of judgment'") (citing D. Conn. L. Civ. R. 11(a)); *Montville Tp v. Woodmont Builders, LLC*, No. 09-2680, 2010 WL 2326212, at *7 n.3 (D.N.J. June 7, 2010) (noting that "[t]his district has a standing order, in the form of Local Civil Rule 54.2, that extends the deadline for the filing of such petitions from 14 to 30 days"). *See also Bergen v. Commissioner of Soc. Sec.*, 454 F.3d 1273, 1278 n.2 (11th Cir. 2006) (stating that "the best practice ... would be for the Plaintiff to request and the Court to include in the judgment a statement that attorneys fees may be applied for within a specified time") (applying Rule 54(d)(2)(B) to fee request Social Security Act).

     In contrast, where no preexisting order extended the deadline, and the movants did not file their fee motion until more than fourteen days after the entry of judgment, courts have denied such motions as untimely. *See*, *e.g.*, *Reed v. General Motors*, No. 4:04CV2250, 2008 WL 4083177, at *3 (N.D.Ohio Sept. 3, 2008) (where final judgment was entered on August 29, 2005, the court did not issue an order extending the time for filing attorney's fee motions and did not have a local rule providing for more than fourteen days to file a fee motion, plaintiff had until September 12, 2005 to file a fee motion, and his motion filed more than two years after the fourteen-day deadline was denied as untimely); *ADAPT of Philadelphia v. Philadelphia Housing Authority*, 511 F.Supp.2d 510, 518 (E.D.Pa. 2007) ("At no time [prior to the expiration of the fourteen-day period] were we asked to extend the time, and thus, we have never done so. Accordingly, ADAPT's motion for ... fees ...comes too late"). *Cf. Schering Corp. v. Amgen, Inc.*, 198 F.R.D. 422, 424 (D.Del. 2001) (Rule 54(d)(2)(B)'s fourteen-day period was not mandatory where the court had previously denied the defendant's motion for attorney's fees "with leave to renew at the conclusion of Schering's currently contemplated appeal"). *See also* James W. Moore, 10 Moore's Federal Practice § 54.151[2][b] (3d ed. 2010) ("Even if no standing order exists, the fee movant may apply to the court for an order extending the 14-day period. Under Rule 6(b)(1), such an extension request should be made within

the 14 days provided for filing the fee motion itself; an extension request made after that time may not be granted unless the court finds excusable neglect").[2]

Assuming *arguendo* that even now, the Court could extend the period within which to file a motion for attorney's fees, plaintiffs have not demonstrated any sound basis for doing so. In their motion papers, plaintiffs note that the purpose of § 1988 is to ensure "effective access to the judicial process for persons with civil rights grievances." Plaintiffs' Mem. of Law (Dkt. #22) at 3 (quoting *Blanchard v. Bergeron*, 489 U.S. 87, 95 (1989)). Plaintiffs state that in the event that the Court concludes that the fourteen-day period began to run when the Court issued its June 4, 2010 Decision and Order, then "[g]iven the importance of the stated purpose of his legislation, it is respectfully requested that the Court exercise its discretion to entertain this Motion." *Id.*

Plaintiffs have cited no authority, however, nor is the Court aware of any, for the proposition that the admittedly important purpose of § 1988, alone, justifies extending the deadlines imposed elsewhere in the Federal Rules. In addition, the case cited by plaintiffs, *Marino v. Town of Kirkland, N.Y.*, 146 F.R.D. 49 (N.D.N.Y. 1993), is inapposite. In that case, which involved the five-day period then in effect under Rule 54(d) for seeking review of a clerk's taxation of costs, the court held that the plaintiff's letter to the court indicating its opposition to the taxed costs, which was submitted within five days after the clerk's action, could be treated as the plaintiff's notice of motion, notwithstanding that the plaintiff's formal notice of motion was not filed until twenty days later.[3]

---

[2]Rule 6(b)(1) provides that

[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time:

(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

[3]Rule 54(d) has since been amended to provide that a motion for review of the clerk's action must be filed within seven days after the taxation of costs.

Thus, *Marino* simply does not speak to the situation in the case at bar, where plaintiffs waited over four months to seek attorney's fees.

**III. Merits of the Motion**

Even if the Court were to consider plaintiffs' motion on the merits, I would deny the motion. Although the Court did grant the plaintiffs some declaratory relief, practically speaking that amounted to no more than a "technical" victory for plaintiffs. Under the well-established authority cited above, such an empty "success" does not render the plaintiffs "prevailing parties" for purposes of § 1988. *See Bristol Warren Regional School Committee v. Rhode Island Dept. of Educ. and Secondary Educations*, 253 F.Supp.2d 236, 243 (D.R.I. 2003) ("The party's success must be more than 'a hollow victory,' and purely technical or *de minimis* victories do not create prevailing parties" for purposes of fee-shifting statutes) (citing *Maine School Administrative District No. 35 v. Mr. And Mrs. R.*, 321 F.3d 9, 14-15 (1st Cir. 2003)).

As explained above, by the time this Court issued its June 4 decision, the Governor had already indicated his intent to proclaim a special election to be held on November 2, 2010, the date of the general election. While this Court did subsequently declare that the Governor had a constitutional obligation to hold a special election no later than November 2, that order could hardly be said to have materially altered the parties' relationship. *See Garcia*, 561 F.3d at 102.

The Court's Decision and Order did make clear that the Governor was not free to renege on his stated intention, since it expressly affirmed that he had "a mandatory duty under Article I, § 2, clause 4 of the United States Constitution to proclaim a special election to fill the vacancy in" the 29th District, and that such a proclamation had to "be made on a date which w[ould] allow the special election to be held no later than the date of the general election on November 2, 2010." 715 F.Supp.2d at 442. Again, though, such relief could best be characterized as *de minimis*.

It is important to bear in mind here that while the Court did declare that the Governor had a duty to proclaim a special election, the terms of the Court's order were far different from the relief that had been sought by plaintiffs. As noted in the June 4 Decision and Order, plaintiffs contended that the Governor's expression of intent to order that a special election be held on the same day as the general election in November was not satisfactory. They asked this Court to direct the Governor to proclaim a special election "forthwith," so that the special election could be held as soon as possible and well before the general election on November 2. 715 F.Supp.2d at 433. Plaintiffs also insisted "that their constitutional rights to due process and equal protection and their rights under the First Amendment [we]re being violated by the Governor's delay in issuing the proclamation for a special election." *Id.* The Governor, on the other hand, contended that he had discretion to schedule a special election in November, and that his doing so would fulfill his duties under the United States Constitution. *Id.*

Thus, the relief granted hardly represented a genuine "win" for the plaintiffs. If it could be considered a victory at all, then it was a victory only in the narrowest, most technical sense. As explained above, that is not enough for the "victor" to be considered a prevailing party under § 1988, and plaintiffs' motion for attorney's fees must therefore be denied. *Texas State Teachers Ass'n*, 489 U.S. at 792. *Cf. Perez*, 587 F.3d at 150-53 (court's order dismissing civil rights lawsuit based upon parties' settlement was sufficient judicial imprimatur to render plaintiffs prevailing parties, where defendant agreed to provide plaintiffs with essentially all the relief they sought, in consideration of plaintiffs' agreement to dismiss lawsuit).

**CONCLUSION**

Plaintiffs' motion for attorney's fees (Dkt. #20) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
April 21, 2011.